IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LATUSZEWSKI, et al.           )
          Plaintiffs,              )
                                   )
       v.                          )
                                   )
VALIC FINANCIAL ADVISORS, INC.     )
          Defendants               )
                                   )
       and                         )
                                   )
VALIC FINANCIAL ADVISORS, INC.,    )
and THE VARIABLE ANNUITY LIFE      )
INSURANCE COMPANY,                 )
          Counterclaim             )   Civil Action No. 03-540
          Plaintiffs,              )
                                   )
       v.                          )
                                   )
GARY LATUSZEWSKI, et al.           )
          Counterclaim             )
          Defendants,              )

## MEMORANDUM ORDER

This is a declaratory judgment action. Plaintiffs, Gary Latuszewski, James Rogan, and Reed Bigham, allege that restrictive covenants in employment contracts with their former employer, defendant, VALIC Financial Advisors, are unenforceable. After removing this case to federal court, defendant, joined by The Variable Annuity Life Insurance Company[1], filed a counterclaim and sought a preliminary injunction to enforce the same

---

[1] Although The Variable Annuity Life Insurance Company was not named by plaintiffs in their original suit, it joined the case as a counterclaim plaintiff. For simplicity, we refer to it, collectively with VALIC, as "defendants" in this memorandum.

restrictive covenants.  The District Court entered a preliminary injunction as to the trade secret covenant, but not the non-competition covenant.  The Court of Appeals for the Third Circuit vacated that order, ruling that the injunction was improper to the extent that it could be read to prohibit plaintiffs from servicing former clients who plaintiffs did not solicit for business.

As a result of the Court of Appeals' order, plaintiffs filed a motion to compel payment under a $500,000 bond posted by defendants when the preliminary injunction was issued [doc. no. 54].  In their motion, plaintiffs argue that payment in the full amount of the bond has been automatically triggered by the Court of Appeals' decision.  Furthermore, plaintiffs claim that they need not provide any evidence that they have suffered losses as a result of the preliminary injunction in order to collect under the injunction bond.  Defendants, on the other hand, contend that payment on an injunction bond is always discretionary. Defendants further argue that payment under the bond is not warranted in this case.

It is well settled law that a party injured by the issuance of an injunction that is later determined to be wrongful may seek recovery against the posted bond.  Sprint Communications Company v. CAT Communications International, Inc., 335 F.3d 235, 240 (3d Cir. 2003); Instant Air Freight Co. v. C.F. Air Freight, Inc.,

2

882 F.3d 797, 804 (3d Cir. 1989).   Recovery under the bond is triggered only after there is a trial and final judgment on the merits.   Clark v. K-Mart Corp., 979 F.2d 965, 969 (3d Cir. 1992) (citing American Bible Society v. Blount, 446 F.2d 588, 594-95 & n.12 (3d Cir. 1971)).   The existence and amount of damages caused solely by the operation of the wrongful injunction must be proven with competent evidence.   Virginia Plastics Co. v. Biostim, Inc., 820 F.2d 76, 80-81 & nn.4 & 6 (3d Cir. 1987).   Under these standards, we will deny plaintiffs' motion to compel payment under the injunction bond for the following reasons.

Although the Court of Appeals issued an order vacating the preliminary injunction, its finding as to the propriety, or impropriety, of the injunction was not so broad.   The court upheld that portion of the preliminary injunction that prohibited the solicitation or servicing of former clients by using trade secret information. However, the Court of Appeals questioned the injunction "to the extent" that it "can be read" to prevent plaintiffs from servicing former clients who approached plaintiffs for services voluntarily, and without solicitation. The Court of Appeals vacated the preliminary injunction, but invited the district court to enter a modified preliminary injunction consistent with its opinion.   Therefore, even though the Court of Appeals vacated the entire injunction, it did not find that the entire injunction was wrongfully entered.   This

3

affects the analysis under the above case law. Only an injunction that is wrongfully entered justifies recovery under the injunction bond. Plaintiffs have failed to acknowledge, in arguing that they are entitled to the full value of the injunction bond, that the Court of Appeals did not find that the entire preliminary injunction had been wrongfully entered.

Nor have they addressed the effect that a lack of a final judgment in this case has on their request. As discussed above, the Court of Appeals for the Third Circuit has held that there can be no recovery of damages caused by a preliminary injunction unless a final judgment has been entered in favor of the enjoined party. Blount, 446 F.2d at 594-95 & n.12. For instance, where a case is settled prior to judgment, no damages can be collected under the injunction bond. Id. at 596. Plaintiffs have not acknowledged this case law, nor addressed the effect that the Court of Appeals' order might have on it.

In addition, as a factual matter, it is likely that not all of the former clients that plaintiffs were prevented from servicing after leaving defendants' employ were lost as a result of that part of the preliminary injunction that the Court of Appeals labeled as possibly wrongful. Plaintiffs voluntarily agreed not to service their former clients for six months prior to the entry of the preliminary injunction. Any clients lost

4

during this time period were not lost as a result of the preliminary injunction.

Finally, plaintiffs have offered no evidence that they lost any clients under the one potential reading of the preliminary injunction that the Court of Appeals found to be wrongful. It is very possible that either: (1) plaintiffs read the preliminary injunction narrowly and accepted business from former clients who approached them for services; or (2) no former clients approached plaintiffs for services after the preliminary injunction was issued. In either instance, no damages under the injunction bond would be warranted. Plaintiffs have simply offered no evidence as to the existence, cause of, or extent of their damages, claiming that such evidence is unnecessary, and going so far as to assert that requiring it would be improper. That is not the law in this Circuit. Were plaintiffs to re-file this motion, such evidence will be required. Only after plaintiffs establish by competent evidence what damages were incurred as a result of that part of the preliminary injunction called into question by the Court of Appeals, would we consider awarding damages under the injunction bond.

Because plaintiffs have failed to acknowledge the proper legal and evidentiary requirements for recovering damages under an injunction bond, and have failed to provide this court with any evidence that they, in fact, suffered damages as a result of

that part of the preliminary injunction that was deemed potentially wrongful by the Court of Appeals, we will deny their motion, without prejudice. Plaintiffs are free to re-file their motion, if appropriate, at a later time, and with the required legal and evidentiary support.

Therefore, this 26th day of August, 2005, IT IS HEREBY ORDERED that plaintiffs' motion to compel payment under injunction bond [doc. no 54] is DENIED, without prejudice.

BY THE COURT,

_____, J.

cc: All Counsel of Record

6