IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY LATUSZEWSKI, et al.<br>    Plaintiffs<br>    and Counterclaim<br>    Defendants,<br><br>    v.<br><br>VALIC FINANCIAL ADVISORS, INC.<br>    Defendants and<br>    Counterclaim<br>    Plaintiffs. | Civil Action No. 03-0540 |

<u>MEMORANDUM ORDER</u>

Before the court is defendants' <u>motion in limine</u> to preclude re-litigation of the trade secret finding [doc. no. 87]. A bench trial on this matter is scheduled to begin on Tuesday, November 13, 2007. Defendants filed their motion following the pre-trial conference, during which plaintiffs expressed their intent to re-litigate the issue of whether defendants owned trade secrets.

After a three day preliminary injunction hearing, another Judge of this court issued extensive findings of fact and conclusions of law, and entered a preliminary injunction against plaintiffs' continued misappropriation of defendants' trade secrets. The court found that the information contained in defendants' records such as "client names, addresses, account balances, account activity, financial objectives, and other account information," qualified as trade secrets under

Pennsylvania law. On appeal, the Court of Appeals for the Third Circuit stated that "the District Court properly held that the information described in the preliminary injunction constituted protectable trade secrets."

Defendants argue that under the law of the case doctrine plaintiffs cannot claim at trial that defendants' information does not qualify as trade secrets under Pennsylvania law. However, the law of the case doctrine does not prohibit courts from revisiting matters that are "avowedly preliminary or tentative." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Council of Alternative Political Parties v. Hooks, 179 F.3d 64, 69 (3d Cir. 1999). Under this rule, courts generally do not apply the law of the case doctrine to matters decided in the context of a motion for a preliminary injunction. Therefore, we will deny defendants' motion.

However, we caution plaintiffs that to the extent there are no intervening new facts or law, or some basis for a finding that the earlier decision was so clearly erroneous that it would create a manifest injustice to adhere to it, prior findings, which were specifically affirmed by the Court of Appeals, will be afforded substantial weight by this court. The district court reached its conclusion that the above referenced pieces of information were defendants' trade secrets after a three day preliminary injunction hearing, at which plaintiffs presented

substantial evidence. In the context of those proceedings, plaintiffs argued that the customer information did not qualify as protected trade secrets because it was not kept in a locked room, was already in the agents' heads, was accessible to human resources employees, and was known by the investors, among many other things.

The district court rejected those arguments and found that defendants' information, as a matter of law, was protectable as trade secrets. The Court of Appeals specifically addressed that finding and agreed with the district court. To the extent plaintiffs intend to do no more than reiterate their arguments, and resubmit the same evidence, they should not expect a different decision from this court, even if we are not technically bound by the preliminary injunction findings.

Therefore, this 9th day of November, 2007, IT IS HEREBY ORDERED that defendants' motion in limine [doc. no. 87] is DENIED.

BY THE COURT,

_____ J.
11/9/07

cc: All Counsel of Record

3