IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY LATUSZEWSKI, JAMES ROGAN and REED BIGHAM, <br>     Plaintiffs, <br><br> v. <br><br> VALIC FINANCIAL ADVISORS, INC., <br>     Defendant <br><br> and <br><br> VALIC FINANCIAL ADVISORS, INC. and THE VARIABLE ANNUITY LIFE INSURANCE COMPANY, <br>     Counterclaim Plaintiffs, <br><br> v. <br><br> GARY LATUSZEWSKI, JAMES ROGAN and REED BIGHAM, <br>     Counterclaim Defendants. | Civil Action No. 03-0540 |

ORDER

AND NOW, this 21st day of July, 2011, IT IS HEREBY ORDERED that VALIC Financial Advisors, Inc.'s and The Variable Annuity Life Insurance Company's (collectively, VALIC) unopposed Motion for Charging Order and Appointment of a Receiver [doc. no. 139] is GRANTED. As judgment creditors, VALIC shall be entitled to receive any distributions and the return of any contributions to which Gary Latuszewski, James Rogan, and/or Reed Bingam are entitled from

1

Landmark Financial Partners, LLC;

IT IS FURTHER ORDERED that VALIC shall provide to the court the name of an individual to serve as receiver within five (5) business days of the entry of this order on the court's docket. After receiving this information, if appropriate, the court will enter an order appointing the individual to serve as receiver for the limited purpose of collecting those distributions and contributions from Landmark Financial Partners, LLC, to which Latuszewski, Rogan, and Bingham are entitled and distributing them to VALIC in order to satisfy the outstanding December 19, 2007 judgment;

IT IS FURTHER ORDERED that said receiver shall file a monthly report with the court setting forth those distributions and contributions it has received from Landmark Financial Partners, LLC and any payments it has made to VALIC. Said report shall also include a request that the court approve the receiver's monthly compensation and any expenses incurred by the receiver;

IT IS FURTHER ORDERED that Latuszewski, Rogan, and Bingham shall provide to the receiver, and permit access to the receiver to, any and all books, records, accounts, ledgers, and other documents, in whatever format, necessary for the receiver to determine and quantify the distributions and contributions to which Latuszewski, Rogan, and Bingham are entitled. Latuzsewski, Rogan, and Bingham are directed to serve upon the receiver, and file with this court, a

statement detailing their interest in and employment status with Landmark Financial Partners, LLC, within ten (10) days of the entry of this order on the court's docket

IT IS FURTHER ORDERED that Latuzsewski, Rogan, and Bingham are restrained and enjoined from taking any action that would interfere with the receiver's efforts to collect their distributions or contributions from Landmark Financial Partners, LLC, or that would otherwise hinder, obstruct, or interfere with the receiver in the performance of its limited duties;

IT IS FURTHER ORDERED that the receiver shall serve a copy of this order on Landmark Financial Partners, LLC immediately upon being appointed, and direct Landmark Financial Partners, LLC to forward any distributions and contributions payable to Latuzsewski, Rogan, or Bingham into one of three custodial accounts at a federally insured bank established and held by the receiver to receive each of Latuzsewski, Rogan, and Bingham's distributions or contributions. These accounts shall be entitled "Receiver's Account - Latuszewski", "Receiver's Account - Rogan" and "Receiver's Account - Bingham," along with the name and docket number of this action. Should Landmark Financial Partners, LLC believe that it is unable to pay any distributions or contributions to which Latuzsewski, Rogan, and Bingham are otherwise entitled into these accounts, it shall promptly so notify the court, in writing;

Unless otherwise ordered by the court, the receiver is not required to post a bond or give an undertaking of any type in connection with its fiduciary obligations in this matter.

BY THE COURT,

/s/ _____, C.J.

cc: All Counsel of Record